**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ARTHUR LESTRICK**                                                     **PETITIONER**

**V.**                         **CIVIL ACTION NO. 3:11CV527 WHB-LRA**

**JACQUELYN BANKS**                                             **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Arthur Lestrick filed a Petition for Writ of Habeas Corpus on August 18, 2011. Respondent Jacquelyn Banks filed a Motion to Dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow. Lestrick was convicted of capital murder in the Circuit Court of Copiah County, Mississippi, following a three-day jury trial. Prior to sentencing, he withdrew his plea of not guilty and pled guilty. On November 18, 2009, he was sentenced to life imprisonment without parole pursuant to Miss. Code Ann. § 97-3-21 (Rev. 2000).[1] On May 26, 2010, he filed a Motion for Records and Transcripts, which

---

[1] Miss. Code Ann. § 97-3-21 (Rev. 2000) provides in relevant part that:

Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in Section 47-7-3(1)(f).

was denied by the trial court on June 3, 2010. Aggrieved, he appealed the trial court's denial, but the appeal was dismissed for lack of jurisdiction by the Mississippi Supreme Court on November 9, 2010. *See Fleming v. State*, 553 So.2d 505, 506 (Miss. 1989) ("[N]othing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action."). On February 15, 2011, Lestrick signed a Motion for Post-Conviction Relief, which was stamped as filed in the Circuit Court of Copiah County on February 17, 2011.[2] The motion was denied on February 22, 2011. Lestrick appealed but failed to identify the order he was appealing in the notice of appeal, indicating only that the order was entered in March 2011. After failing to timely respond to an order to show cause as to why the appeal should not be dismissed for "lack of an appealable judgment," the Mississippi Supreme Court dismissed the appeal on March 30, 2011.[3]

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), including the statute of limitation in 28 U.S.C. § 2244(d). This

---

[2] The record indicates that Petitioner filed a separate pleading styled as a Motion to Vacate and Set-Aside Sentence in the Copiah County Circuit Court on February 17, 2011 – the same day he filed his motion for post-conviction relief. ECF No. 12-6. In response to the subject motion to dismiss, Petitioner wishes to make clear that his motion to vacate identifies the order that he was attempting to appeal. Regardless, the motion to vacate was filed too late to toll the federal statute of limitations.

[3] ECF Nos. 10-1–10-9.

2

statute of limitations requires a petitioner to file his federal habeas relief petition within one year from the date his conviction becomes final. The statute of limitations in 28 U.S.C. § 2244(d) reads as follows:

> (d)(1) A 1- year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment of filing an application created by State action in violation of the Constitution or the law of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or,
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely

3

filing." *Holland v. Florida*, - - - U.S. - - - -, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[4] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So. 3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Lestrick entered his guilty plea after the effective date of the amendment. As such, he cannot be credited with the 30-day period for direct appeal granted to petitioners who

---

[4]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

4

pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). His conviction and sentence became final on November 18, 2009 -- the date he was sentenced in accordance with his guilty plea. To toll the statute of limitations, he was required to submit a "properly filed" application for post-conviction collateral relief in compliance with 28 U.S.C. § 2244(d)(2) on or before November 18, 2010. Because he did not file his motion for post-conviction relief until February 16, 2011, AEDPA's one-year statute of limitations ran uninterrupted from November 18, 2009, to November 18, 2010.[5] His federal habeas petition filed on August 18, 2011, nearly two years after he pled guilty, is untimely. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).

Lestrick does not dispute that his petition is untimely, but argues that (1) rare and exceptional circumstances warrant equitable tolling, and that (2) new evidence not reasonably discoverable at the time of trial warrants statutory tolling. As to his equitable tolling claim, he argues that he is unfamiliar with the law, and was "under the assumption" that he had been appointed counsel who "would be handling all proper paper work for his capital case."[6] In this Circuit, a petitioner's unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling. *See, e.g.,*

---

[5] To the extent Petitioner asserts that his "Motion for Records and Transcript" and subsequent appeal thereof should toll the statute of limitations, he is mistaken. Neither pleading constitutes a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2). None of his post-convictions filings, in fact, satisfy the requirements of 28 U.S.C. § 2244 (d)(2).

[6] ECF No. 12, p. 2.

5

*Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations). And "while error or neglect may warrant professional discipline of the attorney, it simply does not justify equitable tolling of the AEDPA's statute of limitations." *Bartley v. Louisiana Dept. of Corrections*, No. 06-2441, 2009 WL 2872932 *5 (E.D. La. Sept. 2, 2009). Fifth Circuit precedent instructs that "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Only if the petitioner demonstrates that he was intentionally deceived and "reasonably relied on his attorney's deceptive misrepresentations" will equitable tolling be warranted. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *see also United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (equitable tolling warranted where an attorney intentionally deceives his client into believing that a timely application has been filed on his behalf when it has not).

In this case, the record reflects that Petitioner requested court-appointed counsel during post-conviction proceedings, but it does not indicate that his request was ever granted.[7] The record only confirms that he was granted *in forma pauperis* status for purposes of appealing the trial court's order denying his motion for records and transcripts.[8] Lestrick, in fact, concedes in his traverse that "no appointment of counsel

---

[7] ECF No. 12-4.

[8] ECF No. 12-1.

was ever received."[9] Lestrick also has no constitutional right to counsel on post-conviction review. *See Jackson v. Johnson*, 217 F.3d 360, 364-65 (5th Cir. 2000). Although he was appointed counsel at trial, he does not demonstrate, nor even allege that counsel led to him believe that she would file a motion for post conviction relief or a petition for federal habeas relief on his behalf.[10]

Lestrick claims, rather, that he had difficulty obtaining information from his trial counsel from March 20, 2010, until June 2, 2010. He fails to disclose, however, what information he was attempting to obtain from counsel and how the lack thereof prevented him from timely filing his petition. Even if the Court were to find that Petitioner was "abandoned" by trial counsel as he claims, attorney abandonment "does not, by itself, excuse the petitioner from his duty of diligence." *Manning v. Epps*, No. 10-70008, 2012 WL 2899353, at *11, n.2 (5th Cir. July 17, 2012)(citing *Maples v. Thomas* - - - U.S. - - - -, 132 S.Ct. 912, 924,181 L.Ed. 2d 807 (2012)). The Fifth Circuit has recently cautioned that such an argument is "based on the faulty premise that petitioners for habeas corpus need not do anything to comply with the AEDPA statute of limitations when they are represented by incompetent counsel." *Manning,* at *11 n.2. By Lestrick's own admission,

---

[9] ECF No. 12, p. 2.

[10] While Petitioner has made the unsubstantiated claim in recent filings that trial counsel assured him that she would "continue with [the] appeals process," he acknowledges that he has not spoken to her since he was sentenced in November 2009. ECF No. 15, p. 2. By his own admission, he had no indication that she was taking any action on his behalf, and he even filed bar complaints to that affect. As discussed further herein, he is not absolved of his responsibility of preparing a timely petition under the circumstances presented.

7

he has not had any contact with trial counsel since he was sentenced pursuant to his guilty plea in November 2009. "Complete inactivity in the face of no communication from counsel does not constitute diligence." *Id*. at *6.

He also claims that he was prevented from sending out legal mail because the correctional facility where he was housed was on "lock down," from October 30, 2010, until November 8, 2010. To conclude that "lock down" entitles him to equitable tolling, would "characterize as 'rare and exceptional' those circumstances that countless other prisoners could claim as their own." *Felder v. Johnson,* 204 F.3d 168,173 (5th Cir. 2000). Even if the Court were to grant equitable tolling for these time periods, the instant petition is still untimely. It was filed almost a year after the federal statute of limitations period expired, and nearly two years after he entered his guilty plea. Given his failure to act with the diligence required by *Holland* and his ability to pursue his legal rights, *pro se*, Petitioner has failed to show that he is entitled to equitable tolling for the amount of time necessary to render his petition timely.

Lestrick also attempts to invoke the factual predicate exception outlined in 2244(d)(1)(D). He claims to be aware of new evidence and witnesses not reasonably discoverable at the time of trial that establishes his innocence. He makes claims of inadmissible evidence, perjury, and ineffective assistance of counsel, and alleges that "key witnesses" gave false testimony and have recanted their statements.[11] The plain language

---

[11] ECF No. 12-2.

8

of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Lestrick does not explain when he allegedly learned of the factual predicates of his claims. Nor does he explain why they could not have been discovered sooner, or what steps, if any, that he took to discover them. Thus, even if the Court were to liberally construe his claims as "newly discovered," Lestrick has failed to provide sufficient information to invoke this exception. He also pled guilty in November 2009, and presumably knew at that time whether he was actually innocent.

None of the other arguments raised by Petitioner warrant equitable or statutory tolling of the statute of limitations, but rather challenge substantive issues related to his sentencing and guilty plea. Petitioner argues, for example, that the trial judge improperly sentenced him to life without parole contrary to state law. The plain language of Miss. Code Ann. § 97-3-21 (Rev. 2000) expressly lists life imprisonment without parole as a sentencing option for criminal defendants convicted of capital murder.[12] He also complains that after his conviction, trial counsel pressured him to plead guilty to avoid the death penalty. This is effectively an actual innocence claim, and the Fifth Circuit does not

---

[12] *See Gavin v. State*, 72 So. 3d 570 (Miss. Ct. App. 2011) ("'Before July 1,1994, Miss. Code Ann. § 97-3-21 (Rev. 2000) provided two sentences for convicted of capital murder: death or life imprisonment with the possibility of parole. *Twillie v. State*, 892 So. 2d 187, 190-91 (Miss. 2004). However, effective July 1, 1994, the option of life without parole was added as a punishment by the Mississippi Legislature. *Id*.'") Because Lestrick was convicted and sentenced in November 2009, his sentence is within statutory guidelines.

9

recognize an actual innocence exception to the statute of limitations. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Further, even if the Court found that the instant petition was timely, Lestrick has never properly appealed the trial court's order denying his motion for post-conviction relief, depriving the state's highest court of the opportunity to consider these claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). This Court need not reach the issue of procedural default, however, because we conclude that Lestrick's petition is time-barred.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that Respondent's Motion to Dismiss should be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 8th day of August 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE