IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ARTHUR LESTRICK                                               PETITIONER


VS.                              CIVIL ACTION NO. 3:11-cv-527-WHB-LRA


JACQUELYN BANKS                                               RESPONDENT


## OPINION AND ORDER

This cause is before the Court on the Objection of Petitioner, Arthur Lestrick ("Lestrick"), to the Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson on August 8, 2012.[1] Having considered the Objection, the Court finds it is not well taken and should be overruled.


## I. Discussion

This case arises out of Lestrick's state law conviction and sentence for the crime of capitol murder. According to the pleadings, Lestrick was convicted of that charge by a jury following trial. Prior to sentencing, Lestrick withdrew his "not guilty" plea, pleaded guilty to the charge, and was sentenced, on

---

[1] In accordance with the Rules of the Court, Lestrick was required to file objections to the Report and Recommendation on or before August 27, 2012. Lestrick did file a pleading labeled "Motion for an[] Out of Time Appeal", which is dated August 28, 2012, and was filed August 30, 2012. The Court has construed this pleading as his objection to the Report and Recommendation.

November 18, 2009, to life imprisonment without the possibility of parole.  A direct appeal was not taken.

On May 26, 2010, Lestrick filed a "Motion for Records and Transcripts", which was denied by the state trial court.  The appeal of that decision was dismissed by the Mississippi Supreme Court on November 9, 2010, for lack of jurisdiction.  On February 15, 2011, Lestrick filed a Motion for Post-Conviction Relief in the state trial court, which was denied on February 22, 2011.  The appeal of that denial was dismissed by the Mississippi Supreme Court on March 30, 2011, based on Lestrick's failure to show cause as to whether there existed an appealable judgment.

On or about August 15, 2011, Lestrick filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which is presently before the Court.  In response, Respondent, Jacquelyn Banks, filed a motion seeking its dismissal on the grounds that is was untimely filed.  On review, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R"), recommending that the Petition be dismissed as untimely.  See R and R [Docket No. 17].

In the R and R, Judge Anderson found that to be timely under 28 U.S.C. § 2244(d), Lestrick was required to file his Petition on or before November 18, 2010.  See id., at 5.  As Lestrick's Petition was not filed until August 15, 2011, Judge Anderson found, and this Court agrees, that the Petition is time barred.  See 28 U.S.C. § 2244(d)(providing persons in custody pursuant to a state

court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Anderson next considered whether the applicable one-year limitations period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling. On these issues, Judge Anderson found that Lestrick failed to show that there existed any newly discovered evidence that would warrant statutory tolling under Section 2244(d)(1)(D). See R & R, at 8-9. Judge Anderson likewise found that Lestrick failed to show that equitable tolling should be applied in this case. See id., at 5-8. Upon finding that Lestrick's Petition for federal habeas corpus relief was filed after the applicable one-year statute of limitations expired, and that the limitations period had not been statutorily or equitably tolled, Judge Anderson recommend that the Motion to Dismiss be granted, and that Lestrick's Petition be dismissed, with prejudice, as untimely.

On or about August 28, 2012, Lestrick filed a "Motion for an[] Out of Time Appeal", which the Court construes as an objection to the R and R. A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R and R to which a specific written objection has been made. See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Thereafter, the district judge may accept,

reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. <u>Id.</u>

In his pleading, Lestrick concedes that his Petition was "filed late." Lestrick, however, argues that his claims should nevertheless be considered on their merits because of his lack of "legal knowledge" and the allegedly newly discovered evidence that was cited in his Petition. <u>See</u> Objection [Docket No. 18], at 1-2. This Court has reviewed the allegations and objections in Lestrick's pleading, and finds as did Judge Anderson, that in accordance with the decisions of the United States Court of Appeals for the Fifth Circuit cited in the R and R, Lestrick has failed to demonstrate that the applicable statute of limitations should be statutorily tolled or that there exists rare or exceptional circumstance that would warrant equitable tolling. The Court additionally finds, as did Judge Anderson, that an evidentiary hearing in this case is not required.

**II. Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 17] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's Motion for an Out of Time Appeal [Docket No. 18], which has been construed as an Objection to the Report and Recommendation, is hereby overruled.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss [Docket No. 10] is hereby granted.

A Final Judgment dismissing this case with prejudice shall be entered this day.  In the event Petitioner seeks to appeal the Final Judgment, he is required to file a separate notice of appeal with the Clerk of this Court within the time period permitted by the Federal Rules of Appellate Procedure.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 5th day of September, 2012.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE